<table>
<tr><td>DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112<br>(303) 645-6600</td><td rowspan="2">DATE FILED: April 8, 2024 3:13 PM<br>FILING ID: 241453FC900DA<br>CASE NUMBER: 2024CV30758<br><br>▲COURT USE ONLY▲</td></tr>
<tr><td>Plaintiff: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,<br><br>v.<br><br>Defendants: HOME DEPOT U.S.A., INC., a foreign corporation, HD SUPPLY, INC., a foreign corporation, and WATTS WATER TECHNOLOGIES, INC., a foreign corporation.</td></tr>
<tr><td>Counsel for Plaintiff<br>Jennifer A. Poynter, #24619<br>Matthew Foster, #57382<br>Poynter Law LLC<br>Address: 6025 S. Quebec St., Ste. 190<br>Centennial, CO 80111<br>Phone: (303) 991-2229<br>Email: jennifer@poynterlawllc.com<br>mfoster@poynterlawllc.com</td><td>Case Number:<br><br>Div: Ctrm:</td></tr>
<tr><td colspan="2">COMPLAINT</td></tr>
</table>

Plaintiff Allstate Vehicle and Property Insurance Company, by and through counsel, Poynter Law LLC, hereby submits the following Complaint against the above-named Defendants:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate") is an Illinois corporation authorized to do business in Colorado, with a principal business address of 2075 Sanders Rd., Ste. G4e, Northbrook, IL 60062.

2. At all times relevant, Plaintiff Allstate provided insurance for Mark Malsom in relation to property located at 4387 S. Huron St., Englewood, CO 80110 ("Property").

3. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation authorized to do business in Colorado, with a principal business address of 2455 Paces Ferry Rd., Atlanta, GA 30339, and a registered agent for service of process listed on the Colorado Secretary of State website as Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

EXHIBIT
B

4. Defendant HD Supply, Inc. ("HD Supply") is a Delaware corporation authorized to do business in Colorado, with a principal business address of 3400 Cumberland Blvd. SE, Atlanta, GA 30339, and a registered agent for service of process listed on the Colorado Secretary of State website as Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120.

5. Defendant Watts Water Technologies, Inc. ("Watts") is a Delaware corporation, with a principal business address of 815 Chestnut St., North Andover, MA 01845, and a registered agent for service of process listed on the Massachusetts Secretary of State website as CT Corporation System, 155 Federal St., Ste. 700, Boston, MA 02110.

6. As set forth herein, Defendants caused an incident to occur in the County of Arapahoe, State of Colorado.

7. This Court has jurisdiction of this matter pursuant to C.R.S. § 13-1-124 or otherwise under Colorado statutes and law.

8. Venue is proper in this Court pursuant to C.R.C.P. 98 because the subject incident occurred in Arapahoe County, Colorado.

## GENERAL ALLEGATIONS

9. On or about April 18, 2022, a water supply line located underneath the kitchen sink at Plaintiff's insured's Property ruptured and leaked water throughout the home.

10. Two water supply lines, each comprised of a braided stainless-steel line with a 1/2-inch brass coupling nut on one end of the line and a 3/8-inch brass coupling nut on the opposite end of the line, connected the sink to the home water supply.

11. An identification label was found on one supply line, which identified the supply line by manufacturer UPC code 232014.

12. The supply line coupling nuts were identified by the foregoing manufacturer UPC code as "Barnett Brass & Copper, Inc." coupling nuts.

13. "Barnett Brass & Copper, Inc." is a brand of plumbing components that was acquired by and is now manufactured and sold by Defendants Home Depot and HD Supply.

14. The second supply line still had a label identifying the supply line as a Watts stainless steel faucet connector.

15. Subsequent nondestructive microscopic examination of the water supply lines and coupling nuts was conducted to determine the cause of the water loss.

16. The 1/2-inch coupling nut had completely separated from the supply lines.

17. The 3/8-inch coupling nut on one end of the Home Depot/HD Supply supply line had separated from the supply line and was found fastened to the threaded male adapter of the Watts supply line.

18. The brass barbed inserts inside both coupling nuts had cracked and fractured, causing both coupling nuts to break apart from the supply lines.

19. The broken brass surfaces of the brass barbed inserts in both coupling nuts showed a brittle appearance and white corrosion deposits consistent with dezincification.

20. Dezincification is a process that occurs when low-quality zinc alloy is exposed to a water supply, wherein exposure to water causes zinc to "leech" from the alloy over time, leaving the remaining alloy weakened and susceptible to mechanical failure.

21. The brass barbed inserts inside the coupling nuts on the subject water supply line were composed of a low-quality or contaminated zinc alloy; when connected to the Property water supply, the brass barbed inserts underwent dezincification, which caused the brass barbed inserts to become brittle and form cracks.

22. The cracks ultimately merged and extended through the entire wall thickness of the brass barbed inserts, causing the brass barbed inserts to fracture, and allowing the coupling nuts to break away from the water supply lines.

23. No evidence of excessive bends, kinks, or compression marks were found on the supply lines, eliminating defects with the stainless-steel braided supply lines as a potential cause of the loss.

24. No evidence of tool marks consistent with overtightening were found on the exteriors of the coupling nuts, eliminating installation error as a potential cause of the loss.

25. No evidence of tool marks or other trauma were found on the brass barbed inserts, again eliminating installation error as a potential cause of the loss.

26. No chemical degradation or foreign deposits were found within the supply lines, eliminating service conditions and water chemistry as possible causes of the loss.

27. The brass barbed inserts within the coupling nuts were non-serviceable parts not accessible to the homeowner, eliminating lack of maintenance or user error as possible causes of the loss.

28. The loss was caused by Defendants' use of low-quality or contaminated zinc alloy to manufacture the brass barbed inserts inside the coupling nuts, which allowed for dezincification of the brass barbed inserts that ultimately caused the inserts to crack and fracture.

29. As a result of the water loss, Plaintiff Allstate paid damages to its insured under a policy of insurance in place at the time of the loss and is now equitably and legally subrogated to the insured's claims against Defendants.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability – Home Depot)**

30. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

31. Defendant Home Depot designed and manufactured the brass barbed inserts and was in the business of selling such items for use.

32. Defendant Home Depot sold the brass barbed inserts in a condition that was defective by manufacturing the brass barbed inserts with low-quality or contaminated zinc alloy subject to dezincification, and because of this defect, the brass barbed inserts were unreasonably dangerous to the property of the purchaser, Allstate's insured.

33. The brass barbed inserts were defective at the time they were sold by Defendant Home Depot or left its control.

34. The brass barbed inserts were expected to reach and did reach the user, Allstate's insured, without substantial change in the condition in which they were sold.

35. Allstate's insured was a person who would reasonably be expected to use the subject brass barbed inserts.

36. The property of Allstate's insured was damaged by the water loss.

37. The defects in the subject brass barbed inserts were the cause of the water loss and the damages to the property of Allstate's insured.

38. As a result of the incident, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Strict Product Liability – HD Supply)**

39. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

40. Defendant HD Supply designed and manufactured the brass barbed inserts and was in the business of selling such items for use.

41. Defendant HD Supply sold the brass barbed inserts in a condition that was defective by manufacturing the brass barbed inserts with low-quality or contaminated zinc alloy subject to

dezincification, and because of this defect, the brass barbed inserts were unreasonably dangerous to the property of the purchaser, Allstate's insured.

42. The brass barbed inserts were defective at the time they were sold by Defendant HD Supply or left its control.

43. The brass barbed inserts were expected to reach and did reach the user, Allstate's insured, without substantial change in the condition in which they were sold.

44. Allstate's insured was a person who would reasonably be expected to use the subject brass barbed inserts.

45. The property of Allstate's insured was damaged by the water loss.

46. The defects in the subject brass barbed inserts were the cause of the water loss and the damages to the property of Allstate's insured.

47. As a result of the incident, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(Strict Product Liability – Watts)**

48. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

49. Defendant Watts designed and manufactured the brass barbed inserts and was in the business of selling such items for use.

50. Defendant Watts sold the brass barbed inserts in a condition that was defective by manufacturing the brass barbed inserts with low-quality or contaminated zinc alloy subject to dezincification, and because of this defect, the brass barbed inserts were unreasonably dangerous to the property of the purchaser, Allstate's insured.

51. The brass barbed inserts were defective at the time they were sold by Defendant Watts or left its control.

52. The brass barbed inserts were expected to reach and did reach the user, Allstate's insured, without substantial change in the condition in which they were sold.

53. Allstate's insured was a person who would reasonably be expected to use the subject brass barbed inserts.

54. The property of Allstate's insured was damaged by the water loss.

55. The defects in the subject brass barbed inserts were the cause of the water loss and the damages to the property of Allstate's insured.

56. As a result of the incident, Plaintiff Allstate sustained damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
**(Negligence – Home Depot)**

57. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

58. Defendant Home Depot designed and manufactured the brass barbed inserts.

59. Defendant Home Depot owed a duty of reasonable care to potential purchasers and end-users of the brass barbed inserts to ensure that the brass barbed inserts were manufactured in a manner and with a material that did not leave the brass barbed inserts subject to cracking and fracturing due to dezincification.

60. Defendant Home Depot was negligent by failing to exercise reasonable care to prevent the zinc alloy used to manufacture the brass barbed inserts from being contaminated with materials that would cause the brass barbed inserts to be susceptible to dezincification.

61. As a result of Home Depot's failure to use a zinc alloy of a sufficient quality or to prevent contamination of the zinc alloy used to manufacture the brass barbed inserts, the brass barbed inserts underwent dezincification, cracked, and fractured.

62. As a homeowner, it was reasonably foreseeable that Allstate's insured would use the brass barbed inserts to connect the home water supply to the kitchen faucet.

63. The property of Allstate's insured was damaged by Defendant Home Depot's negligence while the brass barbed inserts were being used in the manner Defendant Home Depot should reasonably have expected.

64. As a result of the negligence of Defendant Home Depot, Plaintiff Allstate sustained damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
**(Negligence – HD Supply)**

65. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

66. Defendant HD Supply designed and manufactured the brass barbed inserts.

67. Defendant HD Supply owed a duty of reasonable care to potential purchasers and end-users of the brass barbed inserts to ensure that the brass barbed inserts were manufactured in a manner and with a material that did not leave the brass barbed inserts subject to cracking and fracturing due to dezincification.

68. Defendant HD Supply was negligent by failing to exercise reasonable care to prevent the zinc alloy used to manufacture the brass barbed inserts from being contaminated with materials that would cause the brass barbed inserts to be susceptible to dezincification.

69. As a result of HD Supply's failure to use a zinc alloy of a sufficient quality or to prevent contamination of the zinc alloy used to manufacture the brass barbed inserts, the brass barbed inserts underwent dezincification, cracked, and fractured.

70. As a homeowner, it was reasonably foreseeable that Allstate's insured would use the brass barbed inserts to connect the home water supply to the kitchen faucet.

71. The property of Allstate's insured was damaged by Defendant HD Supply's negligence while the brass barbed inserts were being used in the manner Defendant HD Supply should reasonably have expected.

72. As a result of the negligence of Defendant HD Supply, Plaintiff Allstate sustained damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
**(Negligence – Watts)**

73. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

74. Defendant Watts designed and manufactured the brass barbed inserts.

75. Defendant Watts owed a duty of reasonable care to potential purchasers and end-users of the brass barbed inserts to ensure that the brass barbed inserts were manufactured in a manner and with a material that did not leave the brass barbed inserts subject to cracking and fracturing due to dezincification.

76. Defendant Watts was negligent by failing to exercise reasonable care to prevent the zinc alloy used to manufacture the brass barbed inserts from being contaminated with materials that would cause the brass barbed inserts to be susceptible to dezincification.

77. As a result of Watts' failure to use a zinc alloy of a sufficient quality or to prevent contamination of the zinc alloy used to manufacture the brass barbed inserts, the brass barbed inserts underwent dezincification, cracked, and fractured.

78. As a homeowner, it was reasonably foreseeable that Allstate's insured would use the brass barbed inserts to connect the home water supply to the kitchen faucet.

79. The property of Allstate's insured was damaged by Defendant Watts' negligence while the brass barbed inserts were being used in the manner Defendant Watts should reasonably have expected.

80. As a result of the negligence of Defendant Watts, Plaintiff Allstate sustained damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
**(Breach of Implied Warranty of Merchantability – Home Depot)**

81. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

82. Defendant Home Depot manufactured the brass barbed inserts of the coupling nuts.

83. Defendant Home Depot sold the brass barbed inserts.

84. Defendant Home Depot was a merchant with respect to the type of product involved.

85. The brass barbed inserts were not of merchantable quality at the time of sale.

86. Defendant Home Depot failed to provide merchantable goods, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

87. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant Home Depot of the breach.

88. As a direct and proximate result of Defendant Home Depot's breach of the implied warranty of merchantability, Plaintiff Allstate sustained damages in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
**(Breach of Implied Warranty of Merchantability – HD Supply)**

89. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

90. Defendant HD Supply manufactured the brass barbed inserts of the coupling nuts.

91. Defendant HD Supply sold the brass barbed inserts.

92. Defendant Home Depot was a merchant with respect to the type of product involved.

93. The brass barbed inserts were not of merchantable quality at the time of sale.

94. Defendant HD Supply failed to provide merchantable goods, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

95. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant HD Supply of the breach.

96. As a direct and proximate result of Defendant HD Supply's breach of the implied warranty of merchantability, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**NINTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Merchantability – Watts)**

97. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

98. Defendant Watts manufactured the brass barbed inserts of the coupling nuts.

99. Defendant Watts sold the brass barbed inserts.

100. Defendant Watts was a merchant with respect to the type of product involved.

101. The brass barbed inserts were not of merchantable quality at the time of sale.

102. Defendant Watts failed to provide merchantable goods, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

103. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant Watts of the breach.

104. As a direct and proximate result of Defendant Watts' breach of the implied warranty of merchantability, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**TENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness – Home Depot)**

105. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

106. Defendant Home Depot manufactured the brass barbed inserts.

107. Defendant Home Depot sold the brass barbed inserts.

108. Defendant Home Depot impliedly warranted the brass barbed inserts to be fit for the particular purpose of allowing the coupling nuts of the water supply line to secure the water supply line to the Property water supply.

109. Allstate's insured was a person who was reasonably expected to use or be affected by the brass barbed inserts.

110. The brass barbed inserts were not fit for the particular purpose for which they were warranted, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

111. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant Home Depot of the breach.

112. As a direct and proximate result of Defendant Home Depot's breach of the implied warranty of fitness, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**ELEVENTH CLAIM FOR RELIEF**
**(Breach of Implied Warranty of Fitness – HD Supply)**

113. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as though more fully set forth herein.

114. Defendant HD Supply manufactured the brass barbed inserts.

115. Defendant HD Supply sold the brass barbed inserts.

116. Defendant HD Supply impliedly warranted the brass barbed inserts to be fit for the particular purpose of allowing the coupling nuts of the water supply line to secure the water supply line to the Property water supply.

117. Allstate's insured was a person who was reasonably expected to use or be affected by the brass barbed inserts.

118. The brass barbed inserts were not fit for the particular purpose for which they were warranted, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

119. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant HD Supply of the breach.

120. As a direct and proximate result of Defendant HD Supply's breach of the implied warranty of fitness, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**TWELVTH CLAIM FOR RELIEF**
**(Breach of Implied Warrant of Fitness – Watts)**

121. Plaintiff Allstate incorporates by reference the allegations contained in the previous paragraphs as if more fully set forth herein.

122. Defendant Watts manufactured the brass barbed inserts.

123. Defendant Watts sold the brass barbed inserts.

124. Defendant Watts impliedly warranted the brass barbed inserts to be fit for the particular purpose of allowing the coupling nuts of the water supply line to secure the water supply line to the Property water supply.

125. Allstate's insured was a person who was reasonably expected to use or be affected by the brass barbed inserts.

126. The brass barbed inserts were not fit for the particular purpose for which they were warranted, as the brass barbed inserts underwent dezincification and fractured, causing the subject water loss.

127. Within a reasonable time after Plaintiff Allstate discovered or should have discovered the alleged breach of warranty, Plaintiff Allstate notified Defendant Watts of the breach.

128. As a direct and proximate result of Defendant Watts' breach of the implied warranty of fitness, Plaintiff Allstate sustained damages in an amount to be proven at trial.

**PRAYERS FOR RELIEF**

Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in amounts to be determined at trial;
2. For Plaintiff's costs and expenses incurred herein;
3. For interest as allowed by law;
4. For attorneys' fees as allowed by law; and
5. For such other and further relief as the Court deems just and equitable.

Dated this 8th day of April 2024.

Respectfully submitted,

POYNTER LAW LLC

*/s/ Jennifer A. Poynter*
Jennifer A. Poynter - No. 24619
Matthew Foster – No. 57382
ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:

2075 Sanders Rd., Ste. G4e
Northbrook, IL 60062