IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01327-PAB-NRN

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, a foreign corporation,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., a foreign corporation,
HD SUPPLY, INC., a foreign corporation, and
WATTS WATER TECHNOLOGIES, INC., a foreign corporation,

Defendants.

---

### ORDER ON PLAINTIFF'S OBJECTION TO DEFENDANTS HOME DEPOT U.S.A., INC. AND HD SUPPLY, INC.'S DESIGNATION OF NONPARTY AT FAULT AND MOTION TO STRIKE (ECF No. 22)

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court pursuant to an order issued by Chief Judge Philip A. Brimmer, ECF No. 26, referring Plaintiff Allstate Vehicle and Property Insurance Company's ("Plaintiff" or "Allstate") Motion to Strike Defendants Home Depot U.S.A., Inc. and HD Supply, Inc.'s ("Defendants") Designation of Nonparty at Fault and Motion to Strike ("Motion to Strike"), ECF No. 22. The Court has taken judicial notice of the Court's file, and considered the applicable federal and state statutes and case law. As set forth below, it is hereby **ORDERED** that Plaintiff's Motion to Strike, ECF No. 22, is **DENIED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

This lawsuit arises from a leaking water supply line that damaged Allstate's insured's home. Allstate alleges that Defendants manufactured and sold one of the faulty components that caused the water-related loss. *See generally* ECF No. 42 (Am. Compl.).

On May 31, 2024, Defendants filed a Designation of Nonparty at Fault[2] which designates MTD (USA) Corp. ("MTD") as a nonparty at fault, and further provides,

> 1. MTD (USA) Corp., c/o David Tan, Esq., TMCA, New York, 217 Broadway, Suite 60, New York, NY 10007, david@tmcamarine.com. Upon information and belief, the 20" over-braided lavatory supply line (model 232014) that allegedly caused Plaintiff's claimed damages was supplied by MTD (USA) Corp. Thus, MTD (USA) Corp. may be responsible for all, or part of, Plaintiff's claimed damages.
>
> . . . Discovery and Defendants' investigation in this case is just beginning. Defendants request an opportunity to designate additional nonparties at fault as discovery develops and reveals a proper basis for such designations.

ECF No. 18 at 1–2.

Allstate filed the subject Motion to Strike on July 1, 2024. ECF No. 22. Allstate asked the Court to strike the designation because it "only states that MTD allegedly supplied an over-braided lavatory supply line but does not state that MTD manufactured the over-braided supply line," and because Colorado law provides that a product liability action may only be maintained against a seller of a product if "said seller is also the manufacturer of said product or the manufacturer of the part thereof giving rise to the

---

[1] Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), a designation of nonparty at fault must be filed within 90 days of the commencement of the action, unless the Court determines that a longer period is necessary.

2

product liability action," "Defendants have failed to properly raise the issue of the nonparty's conduct in Defendants' pleading per the requirements of Colo. Rev. Stat. § 13-21-111.5(3)(b)." *Id.* ¶¶ 13, 15, 16.

A few days later, Allstate filed an Amended Designation of Nonparty at Fault ("Amended Designation"). ECF No. 24. The Amended Designation states:

1. MTD (USA) Corp., c/o David Tan, Esq., TMCA, New York, 217 Broadway, Suite 60, New York, NY 10007, david@tmcamarine.com.

    a. The 20" over-braided lavatory supply line (model 232014) and coupling nuts (the "supply line and coupling nuts") that allegedly caused Plaintiff's claimed damages were supplied by MTD (USA) Corp. Thus, MTD (USA) Corp. may be responsible for all, or part of, Plaintiff's claimed damages, as set forth more fully below.

    b. Upon information and belief, MTD (USA) Corp. sold the supply line and coupling nuts to Interline Brands, Inc.

    c. HD Supply, Inc. acquired Interline Brands, Inc. after Interline Brands, Inc. purchased the supply line and coupling nuts from MTD (USA) Corp.

    d. Upon information and belief, MTD (USA) Corp. may have designed, assembled, fabricated, produced, constructed, or otherwise prepared the supply line and coupling nuts; MTD (USA) Corp. may have created or furnished the specifications for the supply line and coupling nuts; MTD (USA) Corp. may have exercised some control over the manufacturing process of the supply line and coupling nuts; MTD (USA) Corp. may have altered or modified the supply line and coupling nuts after they came into its possession; MTD (USA) Corp. may be owned by the manufacturer, in whole or in part; and MTD (USA) Corp. may own the manufacturer, in whole or in part.

ECF No. 24.

Defendants also filed a response to the Motion to Strike. ECF No. 37. Defendants maintained that while their initial designation was sufficient, the Amended Designation resolved Allstate's objections.

3

Allstate disagreed. In its reply brief, Allstate claims that the Amended Designation fails because it does not (1) set forth the designated nonparty's last-known address or the best identification of such nonparty which is possible under the circumstances, and (2) include a brief statement of the basis for believing such nonparty to be at fault.

## II.   DISCUSSION

Colorado law provides:

> In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss.

Colo. Rev. Stat. § 13-21-111.5(1). Additionally,

> Negligence or fault of a nonparty may be considered if . . . the defending party gives notice that a nonparty was wholly or partially at fault . . . . The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault.

*Id.* § 13-21-111.5(3)(b). The statute "is designed to avoid holding defendants liable for an amount of compensatory damages reflecting more than their respective degrees of fault." *B.G.'s, Inc. v. Gross ex rel. Gross*, 23 P.3d 691, 694 (Colo. 2001), *as modified* (May 21, 2001).

> In considering whether a party has alleged a meritorious defense for the purpose of designating a non-party at fault, the court's inquiry is not an exacting one. Indeed, courts in this district have held that a designation alleges a meritorious defense if it minimally sets forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.

*Barradale v. Travelers Home & Marine Ins. Co.*, No. 20-cv-02355-NYW, 2021 WL 10131834, at *1 (D. Colo. Apr. 27, 2021) (citations and internal quotation marks omitted). In other words, a designation of non-parties at fault "must give a plaintiff

4

sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it." *Martin v. Home Depot USA, Inc.*, No. 12-cv-01593-REB-KMT, 2013 WL 303059, at *2 (D. Colo. Jan. 25, 2013) (quoting *Resolution Trust Corp. v. Deloitte & Touche,* 818 F. Supp. 1406, 1408–09 (D. Colo. 1993)). However, [a]lthough the nonparty designation need not prove the nonparty's fault or negligence, the designation must go beyond bald allegation and connect alleged facts with the established elements of negligence." *Acquest Holdings FC, LLC v. Johnson Controls, Inc.*, No. 23-cv-00636-CNS-STV, 2024 WL 1931697, at *2 (D. Colo. Apr. 8, 2024) (internal quotation marks and citation omitted).

After reviewing the Amended Designation, the Court finds that meets the requirements set forth in Colo. Rev. Stat. § 13-21-111.5.

First, Defendants' counsel represented at the hearing that she understood that David Tan, the contact person listed in the Amended Designation, was the attorney for MTD, and therefore the Court finds that he is an appropriate person for Allstate to contact regarding the manufacture and/or sale of water supply line at issue. Counsel also stated that she provided Allstate with the name of MTD's owner in July 2024. The Court find that this satisfies the statute's requirement that Allstate be given the "the best identification of such nonparty which is possible under the circumstances." Colo. Rev. Stat. § 13-21-111.5(3)(b).

Second, the Amended Designation includes more than bald allegations of liability and satisfactorily contains a "brief statement of the basis for believing such nonparty to be at fault." Colo. Rev. Stat. § 13-21-111.5(3)(b). The Amended Designation states that Defendants, through an intermediary, purchased the allegedly defective supply line from

5

MTD, and MTD may have, in turn, designed, assembled, fabricated, produced, constructed, or otherwise prepared the faulty components. Allstate complains that Defendants do not provide any specificity as to MTD's alleged conduct or any factual basis for apportioning liability to MTD. But in their Answer, Defendants deny that they or their agent manufactured any of the products. ECF No. 43 ¶ 13. Instead, the Amended Designation identifies MTD as the entity from whom Defendants purchased the subject supply line. Taken together, these pleadings put Allstate on notice that Defendants believe that MTD either is liable for the claimed damages, or, at the very least, is in a better position to who identify the actual manufacturer is. Indeed, it is hard to meaningfully differentiate the allegations of Defendants' liability contained in Allstate's Amended Complaint from those set forth by Defendants in the Amended Designation. *See* ECF No. 42 ¶ 12 (alleging, with no further factual basis, that "'Barnett Brass & Copper, Inc.' is a brand of plumbing components that was acquired by and is now manufactured and sold by Defendants Home Depot and HD Supply.").

The Court concludes that, at this early stage of the case and without the benefit of discovery, Defendants' Amended Designation satisfies the requirement of Colo. Rev. Stat. § 13-21-111.5.

### III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Allstate's Motion to Strike, ECF No. 22, is **DENIED**.

Dated at Denver, Colorado this 29th day of October, 2024

_N. Reid Neureiter_
N. Reid Neureiter
United

6